## PEOPLE OF THE TERRITORY OF GUAM, Plaintiff–Appellee,

v.

## Alvin S.N. CRUZ, Defendant–Appellant.

### No. 87–1295.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 13, 1989.

Decided March 30, 1989.

John Ashford Thompson, Honolulu, Hawaii, for defendant/appellant.

J. Nicholas Bostic, Asst. U.S. Atty., Agana, Guam, for plaintiff/appellee.

Before CHAMBERS, SNEED and NOONAN, Jr., Circuit Judges.

NOONAN, Circuit Judge:

Alvin Cruz was convicted of robbery in the first degree and sentenced to 14 years in prison. The Appellate Division of the District Court of Guam affirmed his conviction. He now appeals to this court. We affirm his conviction.

## FACTS

Cruz and John Ignacio, his co-defendant, approached Thomas J. Meyers, stuck a knife in his back and told him that if he did not produce money he would be killed. They then threw Meyers down and Cruz kicked him in the face and jumped on his ribs. They did obtain money from Meyers.

Cruz and Ignacio then robbed David J. Jacobs at knifepoint and placed him beneath the rear wheel of the right side of a pickup truck. They kicked him in the face as he lay under the car wheel.

The defendants, Cruz, Ignacio and a third man, Joseph S. Quidachy, were subsequently indicted in the following terms:

> On or about the 22nd day of February, 1986, in the Territory of Guam, Alvin S.N. Cruz, John C. Ignacio and Joseph I. Quidachy intentionally inflicted and attempted to inflict serious bodily injury upon, David J. Jacobs and Thomas J. Meyers, by the defendant having used a knife against the two victims. The three defendants threatened the two victims that if they did not give them (the defendants) money, they would be killed. The two victims sustained injuries, in violation of 9 Guam Code Annotated §§ 40.-10(a)(1), 40.10(b) and 4.60, as amended.

At the trial the attention of the court was directed to the Guam statute on robbery, which reads as follows:

## CHAPTER 40. ROBBERY

§ **40.10.(a)** A person is guilty of robbery in the first degree if, in the course of committing a theft, he:

(1) attempts to kill another; or

(2) intentionally inflicts or attempts to inflict serious bodily injury upon another.

**(b)** Robbery in the first degree is a felony of the first degree.

Under this statute there are two ways of committing first degree robbery. Under (a)(1) one commits robbery by attempting to kill another during a theft and under (a)(2) one commits robbery by inflicting serious bodily injury during a theft. The trial court viewed the reference to the indict-

ment to (a)(1) as controlling and instructed the jury on the theory that the prosecution must prove that the defendants had an intent to kill their victims.

The instructions on this point were as follows:

> If you find that the government has failed to prove beyond a reasonable doubt that it was Alvin Cruz's specific intent to kill either Meyers or Jacobs, you must acquit the defendant of robbery in the first degree.

> If you find that the government has proved beyond a reasonable doubt that it was Alvin Cruz's specific intent to kill either Meyers or Jacobs in the course of committing a theft, you must find him guilty of robbery in the first degree.

Obviously these instructions imposed a very heavy burden of proof upon the government. Nonetheless the defendants were convicted.

The trial court in addition to giving these instructions gave one instruction which, because of a typographical error, was incoherent and meaningless. It read as follows:

> If you find that the government has failed to prove beyond a reasonable doubt that it was Alvin Cruz's specific intent to kill either Meyers or Jacobs in the course of committing a theft, you must find him guilty of robbery in the first degree.

The Appellate Division of the district court of Guam affirmed the conviction. On this appeal Cruz contends that the crime of which he was convicted was different from that charged by the indictment. He also contends that the jury instructions constituted plain and prejudicial error. Finally he claims that he was denied effective assistance of counsel.

## ANALYSIS

■ It is unconstitutional to convict a defendant of "an offense different from that which was concluded in the indictment." *United States v. Miller*, 471 U.S. 130, 105 S.Ct. 1811, 85 L.Ed.2d 99 (1985). The indictment charged Cruz with inflicting

and attempting to inflict serious bodily injury upon the victims. The case proceeded to judgment on the basis that Cruz had in the course of committing a theft attempted to kill Jacobs and Meyers. If this crime was not the crime the grand jury had charged, his conviction cannot stand. *United States v. Solis*, 841 F.2d 307 (9th Cir.1988).

In *Solis* there was a statute headed, "Prohibited Acts A," that went on to forbid the manufacturing, distributing, dispensing or possessing with intent to manufacture, distribute, or dispense a controlled substance. 21 U.S.C. § 841(a). It was pointed out by this court that to possess with intent to distribute was an offense distinct from distributing. Possessing and distributing were not merely different ways of committing the same crime. To charge the crime of distributing and to convict of possessing was unconstitutional. *United States v. Solis* at 309. Similarly, an indictment charging the crime of impeding, intimidating, and interfering with a federal officer could not sustain a conviction of forcible assault. *United States v. Pazsint*, 703 F.2d 420, 423 (9th Cir.1983). But attempting to kill in the course of a theft is not a substantially different offense from intending to inflict serious bodily injury in the course of a theft. These acts are simply means of committing the same crime—the obtaining of money by the infliction of violence on another person. Cruz was convicted of the crime charged by the grand jury. *United States v. Miller, supra* 471 U.S. at 136, 105 S.Ct. at 1815 (1985).

■ We read the jury instructions as a whole. The typographical error in the single challenged instruction made it incoherent and useless, but did not prejudice Cruz in the light of the other instructions given which were favorable to the defendants and imposed a very high degree of proof upon the government in requiring it to prove a specific intent to kill.

Cruz's contentions as to ineffective assistance of counsel are without merit.

AFFIRMED.