2 F.3d 1153
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lenell SMITH, Defendant-Appellant.
 No. 92-3980.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 7, 1993.*
Decided Aug. 5, 1993.
 
 Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 A jury convicted Lenell Smith of possessing a firearm in violation of 18 U.S.C. Sec. 922(g)(1). He now appeals that conviction, asserting that a jury instruction impermissibly amended the grand jury's indictment, depriving him of his Fifth Amendment right to be tried only "on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. The instruction allegedly amended the indictment by changing the serial number of the gun Lenell was charged with possessing; the indictment correctly listed the gun's serial number as 9D76918, while the jury instruction changed the second character, giving the number as 9876918.
 
 
 2
 If the instruction in this case had simply corrected an incorrect serial number listed in the indictment, the amendment would clearly be permissible. United States v. Leichtnam, 948 F.2d 370, 376 (7th Cir.1991); United States v. Field, 875 F.2d 130, 133-34 (7th Cir.1989). Instead of correcting a typographical error in the indictment, however, the instruction inserted its own error by giving the wrong serial number. If either party had noted the error the district court could have easily remedied it, but no one mentioned the typo until after the jury returned its verdict. Consequently we review for plain error, "a mistake so serious that but for it [Smith] probably would have been acquitted." Leichtnam, 948 F.2d at 375.
 
 
 3
 Would Smith have been acquitted if rather than using an incorrect serial number the jury instruction had used the right one? We do not think so. The case against him was strong, and including the correct serial number in the jury instruction would only have made it stronger. A government informant saw Smith with the gun bearing the indictment serial number on several occasions and spoke to him about where he obtained it. Later, Smith sold the gun to Leroy Rich, who in turn sold it to the informant and an undercover federal agent. Smith told the informant that he had possessed the gun which the informant bought from Rich. After his arrest, Smith admitted that it was the same gun the informant had seen him possess. This gun was put into evidence and given to the jury during deliberations. Thus, it seems certain that the jury would not have acquitted, even if the instruction had included the correct serial number.
 
 
 4
 Furthermore, there is no other ground for reversal because the indictment was not "amended" in any prejudicial way. An indictment is amended, requiring reversal, when the prosecution presents a complex set of facts distinctly different from those in the indictment, or the crime charged is so altered at trial that court cannot be sure that grand jury would have indicted for the crime proved). United States v. Mosley, 786 F.2d 1330, 1335 (7th Cir.1986). The government's evidence in this case concerned a single gun, the one described in the indictment, and there was never any question as to what gun Smith had allegedly possessed. Because everyone knew what gun was at issue, no one, including Smith, ever noticed the error in the instruction. Indeed, when viewed in light of the evidence, the typo in the instruction was trivial. The jury had four pieces of information regarding the serial number. Three items--the indictment, the gun, and the stipulation--all had the same, correct serial number, while the instruction's serial number differed by one character. In these circumstances it is most likely that the jury either did not notice the error or recognized it as an inadvertent, insignificant misprint. See People of the Territory of Guam v. Cruz, 871 F.2d 101 (9th Cir.1989) (jury could be assumed to have disregarded nonsensical instruction). Because there is no danger that Smith was convicted of a crime not listed in the indictment, or on facts distinctly different from those in the indictment, the indictment was not constructively amended, and his conviction is AFFIRMED.[1]
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Smith also argues that there was insufficient evidence to support his conviction under the allegedly amended indictment. This argument fails because we have already determined that the indictment was not amended